**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JUUL Labs Incorporated, et al., | No. CV-23-01204-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| NJOY LLC, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Reinstate Stay of Proceedings and Motion to Strike Plaintiffs' First Amended Complaint (Doc. 42), Plaintiffs' Response (Doc. 43), and Defendants' Reply (Doc. 44). The Court now rules as follows.

**I.    Motion to Stay**

Defendants request that the Court reinstate the stay on this action pursuant to 28 U.S.C. § 1659(a). (Doc. 42 at 1). If a civil action involves the same issues and parties to a proceeding before the United States International Trade Commission ("ITC"), the district court "shall stay" the civil action upon the parties' request until the Commission reaches a final determination. 28 U.S.C. § 1659. As Defendants note, courts have recognized that finality under § 1659 refers to finality after judicial review, and that it is appropriate for stays under § 1659 to extend to proceedings on appeal. (Doc. 42 at 2); *see also In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007). Plaintiffs do not oppose reinstating the stay. (Doc. 43 at 2). Because the request is unopposed, and finding good cause appearing, the Court will grant Defendants' Motion to Stay.

## II. Motion to Strike

Defendants also request the Court strike Plaintiffs' First Amended Complaint ("FAC") because Plaintiffs filed the FAC when the stay was still required to be in place by statute. (Doc. 42 at 1). Plaintiffs oppose Defendants' Motion to Strike because when they filed their FAC, the stay had been lifted. (Doc. 43 at 2). Plaintiffs also argue that the Court should deny the Motion to Strike because the amended complaint does not prejudice Defendants in any way and merely withdraws one of its patent claims. (*Id.*).

The decision to grant or deny a motion to strike is within the Court's discretion. *Sunburst Minerals, LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1059 (D. Ariz. 2018). A motion to strike "is a drastic remedy which is disfavored by the courts and infrequently granted." *Graven v. Brnovich*, CV-22-00062-PHX-GMS, 2022 WL 2018542, at *1 (D. Ariz. May 2, 2022) (citation and quotation omitted).

At this time, the Court declines to exercise its discretion to strike Plaintiffs' FAC. Plaintiffs filed the FAC after the Court had lifted the stay upon the parties' Joint Status Report (Doc. 35) that informed the Court that the ITC had issued a final determination on the matter. Defendants do not assert that they will face prejudice if the FAC is not stricken and argue that Plaintiffs can refile their amended complaint after the stay is lifted again. (Doc. 44 at 2); *see Mag Instrument, Inc. v. JS Products, Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008) ("Given their disfavored status, courts often require a showing of prejudice by the moving party before granting [motions to strike]." (citations and quotations omitted)). Moreover, although the relevant case law is sparse, Defendants' cited authority provides that it is unclear whether courts even have the authority to lift a stay under § 1659(a) to conduct ministerial tasks once the Court has determined that a stay must be imposed. (Doc. 44 at 2 (citing *Sandisk Corp. v. Phison Elec. Corp.*, 2008 WL 4533715 at *1 (W.D. Wisc. Sept. 17, 2008))). As the Court has determined that the stay of action must be reinstated while the ITC proceeding is on appeal, the Court is unpersuaded that it is appropriate at this time to strike filings placed on the record while the stay was lifted.

///

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Reinstate Stay (Doc. 42) is **granted** and this action is **stayed**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiffs' First Amended Complaint (Doc. 42) is **denied**.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Status Report within **sixty (60) days** of this Order, every **sixty (60) days** thereafter, and within **five (5) days** of any final determination by the United States International Trade Commission ("ITC").

Dated this 26th day of March, 2025.

Honorable Steven P. Logan
United States District Judge